UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KELLY NORRIS, et al.,

    Plaintiffs,

    v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

Case No. 3:22-CV-784 JD

**OPINION AND ORDER**

Now before the Court is Defendant Allstate Insurance Company's motion to dismiss Plaintiffs Anthony and Kelly Norris's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 4.) In their Complaint, Plaintiffs, proceeding pro se, allege that on August 28, 2020, they experienced a "house fire[.]" (DE 3 at 2.) According to Plaintiffs, their "home was fully covered by Allstate Insurance Company[.]" (*Id.*) However, after conducting an investigation, Allstate "accused [the Plaintiffs] of having a marijuana growing operation in the basement of our home" and denied the Norris's insurance claim "stating DNA of Marijuana was found in soil." (*Id.*) Plaintiffs assert that they were merely growing parsley, starter tomato plants, and oregano. (*Id.*)

On September 21, 2022, Allstate filed a motion to dismiss under Rule 12(b)(6). (DE 4.) Plaintiffs failed to respond to this motion, making it ripe for review. Allstate has also filed a motion requesting a ruling on the motion to dismiss. (DE 6.) Plaintiffs also failed to respond to this motion.

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the

light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

The Court finds that Plaintiffs have failed to allege a plausible claim for relief. Under Indiana law, "[t]he elements of a breach of contract claim are the existence of a contract, the defendant's breach, and damages to the plaintiff." *WESCO Distrib., Inc. v. ArcelorMittal Indiana Harbor LLC*, 23 N.E.3d 682, 695 (Ind. Ct. App. 2014). "A claim for breach of contract must 'allege[] enough facts to put [a defendant] on fair notice of the 'contractual duty' it breached.'" *Montgomery v. Scialla Assocs., Inc.*, No. 15-CV-10840, 2016 WL 7116585, at *6 (N.D. Ill. Dec. 7, 2016) (quoting *Peerless Network, Inc. v. MCI Commc'n Servs., Inc.*, 2015 WL 2455128, at *7 (N.D. Ill. May 21, 2015)). Courts have consistently granted motions to dismiss where the complaint fails to identify a contractual duty or how that duty was breached. *See US Dealer License, LLC v. US Dealer Licensing LLC*, No. 19 C 3471, 2019 WL 7049927, at *4 (N.D. Ill. Dec. 23, 2019) (explaining that a plaintiff "must plead enough facts . . . to give Defendants

notice of the contractual duty that [the Defendants] supposedly breached"); *Sumi Cho v. Rosato Perea*, No. 18 C 8117, 2019 WL 4645419, at *11 (N.D. Ill. Sept. 24, 2019) ("although [Plaintiff] attaches the [contract] to her complaint and alleges various acts undertaken by Defendants, she fails to set forth facts establishing that Defendants' actions actually breached duties that they owed to her under the [contract] . . . [Plaintiff's] complaint does not tie her allegations to any obligation set forth in the [contract]"); *Hughes v. Sw. Airlines Co.*, No. 18 C 5315, 2019 WL 1375927, at *3 (N.D. Ill. Mar. 26, 2019) (dismissing breach of contract claim where plaintiff failed to "provide[ ] sufficient detail in his complaint to put [Defendant] or the Court on notice of the contractual duty that [Defendant] breached").

   Here, Plaintiffs fail to allege a plausible claim for breach of contract. Plaintiffs merely plead, in a conclusory manner, that their "home was fully covered by Allstate Insurance Company . . . ." (DE 3 at 2.) Elsewhere, they indicate that "Allstate refused to give us our insurance policy . . . until after they denied the claim." (*Id.*) These allegations fail to state a plausible claim of breach of contract because Plaintiffs fail to allege (1) that a contract existed, (2) how the defendant breached that contract, and (3) how that breach damaged the Plaintiffs. Without alleging facts going towards any of these three elements, dismissal is proper.

   Furthermore, by not responding to the motion to dismiss, Plaintiffs have waived any claims asserted in their Complaint. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 719 n. 1, 721 (7th Cir. 2011) (forfeiture occurs where the "litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ( "Failure to respond to an argument [in a motion to dismiss]–as the [plaintiffs] have done here–results in waiver."). Even pro se litigants, such as Plaintiffs, waive an argument by failing to file a response. *United States v. $29,552.00 in U.S. Currency*, No. 2:15-

CV-181-TLS, 2017 WL 2953395, at *1 (N.D. Ind. July 11, 2017) ("If a litigant fails to make a sound argument or file legal arguments with supporting authority, the litigant effectively waives the argument."); *see also Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (holding that even pro se litigants are expected to file legal arguments with supporting authority because "[a] litigant who fails to press a point by supporting it with pertinent authority or by showing why it is sound despite a lack of supporting authority forfeits the point").

The Court finds that dismissal with prejudice is justified in this circumstance. Plaintiffs have failed to respond to Allstate's motion to dismiss and Allstate's motion requesting a ruling on the motion to dismiss. In other words, since August 29, 2022, when Plaintiffs filed this Complaint, they have not made any filings in this case. In this circumstance, where Plaintiffs have failed to request an opportunity to amend their complaint and have failed to respond to multiple motions, dismissal with prejudice is justified. *See, e.g, Morris v. City of Rockford*, No. 3:20-CV-50384, 2021 WL 5113890, at *2 (N.D. Ill. Nov. 3, 2021) (granting a motion to dismiss because "[i]gnoring a motion for six months – while continuing to litigate other matters on the docket – does not evidence a mistake . . . [but rather] evidences a conscious decision to abandon the claim"); *see Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, *at least upon request,* to amend the complaint to correct the problem if possible.") (emphasis added); *Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012) ("District courts have broad discretion to deny leave to amend . . . where the amendment would be futile."). Other courts have similarly dismissed a case with prejudice where a plaintiff effectively abandons their case. *See Anderson v. Deutsche Bank NationalTtrust Co.*, No. 14 C 5474, 2014 WL 6806891, at *2 (N.D. Ill. Dec. 2, 2014) ("The Rule 12(B)(6) dismissal is with prejudice because Anderson's opposition does not

request an opportunity to file an amended complaint in the event some or all of her claims are dismissed under Rule 12(b)(6), because she effectively abandoned her case by making an entirely inapposite argument in opposition to the Rule 12(b)(6) motions, and because from all appearances any amendment would be futile."); *Flores Delgado v. City of Chicago*, 547 F. Supp. 3d 824, 833 (N.D. Ill. 2021) ("In view of Plaintiff's lack of response in opposition to the motion to dismiss, the state-law claims against all Defendants are dismissed with prejudice.").

For the reasons stated above, the motion to dismiss and the motion requesting a ruling on the motion to dismiss are granted. (DE 4; DE 6.) Plaintiffs' Complaint is DISMISSED with prejudice. (DE 3.) The clerk is directed to close the case.

SO ORDERED.

ENTERED: March 17, 2023

                                                          /s/ JON E. DEGUILIO
                                                          Chief Judge
                                                          United States District Court